**16SL-CC04493**

Electronically Filed - St Louis County - Deccember 05, 2016 - 06:48 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly-situated,  )<br>  )<br>              Plaintiff,  )<br>  )<br>       v.  )<br>  )<br>VACATION CONSULTING SERVICES,  )<br>LLC,  )<br>     Serve: Brian Jay Scroggs, Reg. Agent  )<br>              1408 N. Wicklow  )<br>              Nixa, MO 65714  )<br>              Christian County  )<br>  )<br>BRIAN JAY SCROGGS,  )<br>     Serve: 1408 N. Wicklow  )<br>              Nixa, MO 65714  )<br>              Christian County  )<br>and  )<br>  )<br>JOHN DOES 1-10,  )<br>  )<br>              Defendants.  )  | Case No.<br><br>Division<br><br><br><br>PROCESS SERVER<br><br><br><br><br><br><br>PROCESS SERVER<br><br><br><br><br><br>HOLD SERVICE |

**CLASS ACTION PETITION FOR BREACH OF**
**TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, MARK FITZHENRY (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to the allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against the Defendants, VACATION CONSULTING SERVICES, LLC, BRIAN JAY SCROGGS and JOHN DOES 1-10 (herein collectively "Defendants").

**PRELIMINARY STATEMENT**

1. This case challenges Defendants' policy and practice of making unsolicited pre-recorded



EXHIBIT A

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

telephone calls to residential telephone lines advertising its vacation services. This form of telemarketing invades the privacy rights of others and violates the law.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person within the United States from using or having an agent use an autodialer or pre-recorded voice to deliver a message to residential telephone numbers. The TCPA was enacted to protect privacy rights. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. The TCPA is designed to rein in the proliferation of telemarketing calls. Much of the detail was left to the FCC. Congress's delegation was both explicit and implicit. In § 227(c), Congress explicitly set forth the FCC's role by giving the FCC the power to "initiate rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

4. Based on substantial record support, the volume of consumer complaints we continue to receive concerning unwanted, telemarketing robocalls, and the statutory goal of harmonizing our rules with those of the FTC, we require prior express written consent for all telephone calls using an automatic telephone dialing system or a prerecorded voice to deliver a telemarketing message to wireless numbers and residential lines. FCC Report and Order, FCC 12-21, was published at 77 FR 34233, June 11, 2012, par. 20.

5. Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendants' violation. Said section provides:

> A person or entity may, if otherwise permitted by the laws or rules
> of court of a state, bring in an appropriate court of that state:

2

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

If the Court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-paragraph (B) of this paragraph.

6. Upon information and belief, Defendants developed a promotional scheme utilizing a pre-recorded message sent to telephone lines including residential telephone line subscribers like Plaintiff. The purpose of this scheme was to advertise Defendants' timeshare services. Upon information and belief, the calls were placed by automated telephone dialing equipment used to both place the calls and deliver the pre-recorded message.

7. The calls utilizing a pre-recorded message were made for a commercial purpose.

8. On information and belief, Defendants knew or should have known that its marketing scheme was delivering pre-recorded messages promoting its timeshare services, that Plaintiff had not provided his prior express written consent.

9. On information and belief, Defendants knew or should have known that the calls were being placed to residential telephone line subscribers like Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction in that the Defendant VACATION CONSULTING

SERVICES, LLC has transacted business in Missouri and maintains its offices in Nixa, Missouri.

11. On information and belief, Defendant VACATION CONSULTING SERVICES, LLC is a Missouri corporation with its principal place of business at 636W. Republic Rd, Suite F100, Springfield, Missouri and listing 402 West Mount Vernon, Ste 208, Nixa, Missouri as the street address of the organizer Brian Jay Scroggs (actually a UPS store).

12. Plaintiff is a natural person who resides in South Carolina.

13. On information and belief, Defendant BRIAN JAY SCROGGS, is an individual who resides in Missouri.

14. On information and belief, Defendant BRIAN JAY SCROGGS is the President of Operations, Owner and organizer of VACATION CONSULTING SERVICES, LLC.

15. Defendant BRIAN JAY SCROGGS, upon information and belief, exercised direction and/or control over VACATION CONSULTING SERVICES, LLC, both generally and specifically with regard to the making of pre-recorded messages promoting Defendant's time share services.

16. Defendant, BRIAN JAY SCROGGS, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

17. On information and belief, BRIAN JAY SCROGGS knew of and participated in the solicitation calls made by VACATION CONSULTING SERVICES, LLC or by failure to act, allowed the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

18. On information and belief, Defendant, BRIAN JAY SCROGGS, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of

4

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

action arises out of such act(s).

19. On information and belief, Defendant, BRIAN JAY SCROGGS is the individual with ultimate authority for, and/or who is responsible for the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

20. On information and belief, Defendant, BRIAN JAY SCROGGS knew of and participated in the make of solicitation calls by VACATION CONSULTING SERVICES, LLC or by failure to act, allowed the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

21. Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

22. Venue is proper in this Court because Defendant VACATION CONSULTING SERVICES, LLC has its offices in the state of Missouri.

## CLASS CERTIFICATION

23. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons in the United States who were called, on or after June 12, 2013 to the present, on either (1) a residential telephone line or (2) a cellular telephone service, by or on behalf of Defendant using a pre-recorded voice to deliver a message promoting Defendant's time share services.

Excluded from the class are members of the judiciary, counsel for the Plaintiff, and the officers, directors, and employees of Defendant VACATION CONSULTING SERVICES, LLC.

24. A class action is proper in that:

    (a)    On information and belief the class is so numerous that joinder of all

members is impracticable. Plaintiff will be able to ascertain the number of class members through discovery.

 (b) There are questions of fact or law common to the class that predominate over questions affecting only individual class members, those questions include but are not limited to:

  (i) Whether Defendants engaged in a pattern of sending pre-recorded voice messages to telephone numbers assigned to residential telephone service or cellular service;

  (ii) Whether the telephone calls by Defendants contained an artificial or pre-recorded voice message;

  (iii) Whether the telephone calls by Defendants were made for a commercial purpose;

  (iv) Whether the telephone calls by Defendants contained an unsolicited advertisement or a telephone solicitation.

  (v) Whether Defendants sent the pre-recorded voice messages without obtaining the recipients' prior written consent for the telephone call;

  (vi) Whether Defendants violated the provisions of 47 U.S.C. § 227; and

  (vii) Whether Plaintiff and the other class members are entitled to statutory damages.

 (c) Plaintiff's claims are typical of the claims of the other class members.

 (d) Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff's counsel are experienced in handling class actions and claims brought under the Telephone Consumer Protection Act and they will fairly and adequately represent the class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

      (e)     The common questions predominate over individual questions.

      (f)     This class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

25. On or about June 25, 2016, Defendant VACATION CONSULTING SERVICES, LLC, using an automatic telephone dialing system, called Plaintiff's residential telephone line 842-769-8219 and delivered a message containing a pre-recorded voice message.

26. Defendants knew or should have known that it delivered a prerecorded message to Plaintiff advertising the commercial availability of any property, goods, or services and that Defendants did not have the prior express written consent of Plaintiff to make such telephone contact:

      (a)     Defendants, and/or its employees and/or its agents designed the contents of the prerecorded message and/or had the capability to control the contents of the prerecorded message;

      (b)     Defendants, and/or its employees and/or its agents determined the telephone numbers to which prerecorded messages were delivered.

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

27. On information and belief, Defendants have initiated the same or substantially similar telephone calls to at least 39 other recipients. Defendants did not seek or obtain the prior express written consent of the 39 other recipients.

28. Defendant's telephone solicitation to Plaintiff and other members of the class was for the purpose of advertising Defendant's time share services to Plaintiff and the other members of the class.

29. Defendant's actions violated the right to privacy afforded Plaintiff and the other members of the class by the Defendant's sending of the prerecorded message complained of herein.

30. Both Congress (in passing the TCPA) and the Federal Communications Commission (when interpreting the statute) have recognized the harms inherent in the receipt of automated calls, in particular the invasion of privacy and the intrusion upon seclusion.

31. Plaintiff and the other members of the class are entitled to recover the statutory liquidated damages that Congress has assigned and prescribed for the statutory privacy violations complained of herein.

32. Defendants' actions, as alleged herein, are in violation of 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service" and of 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice  … to any telephone number assigned to a … cellular telephone service" and of  47 U.S.C. § 227(b)(1)(B) which makes it "unlawful to initiate any telephone call to any residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express written consent of the called party, unless the

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission] ("FCC") under paragraph (2)(B)." The TCPA provides that the FCC may exempt from coverage (i) calls that are not made for commercial purposes and (ii) calls made for commercial purposes where the FCC determines that the call (I) will not adversely affect the privacy rights intended to be protected by the TCPA and (II) does not include the transmission of any unsolicited advertisement. 47 U.S.C. § 227(b)(2)(B). Calls made for a commercial purpose which include or introduce an unsolicited advertisement or constitute a telephone solicitation are expressly excluded from the exemptions adopted by the FCC. 47 CFR 64.1200(a)(2)(iii);

33. Plaintiff seeks an award of statutory damages for each violation of the TCPA.
34. Defendants set up to deliver, without live operator assistance, a pre-recorded voice message to the residential telephone lines and cell phone lines of Plaintiff and the Class.
35. Plaintiff seeks the statutory liquidated damages of $500.00 for each TCPA violation on behalf of himself and the class.

WHEREFORE, Plaintiff, MARK FITZHENRY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, VACATION CONSULTING SERVICES, LLC, BRIAN JAY SCROGGS and JOHN DOES 1-10 as follows:

(A)   That the Court award $500.00 for each violation pursuant to Count I; and

(B)   That the Court treble the award to $1,500.00 for each violation if the Court finds the violations to be willful or knowing;

(C)   That the Court enter an injunction ordering Defendant to refrain from the conduct alleged herein; and

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

(D) That the Court award costs and such further relief as the court may deem just and proper.

Respectfully submitted,

                /s/ Max G. Margulis
                Max G. Margulis, #24325
                MARGULIS LAW GROUP
                28 Old Belle Monte Rd.
                Chesterfield, MO 63017
              P: (636) 536-7022 - Residential
              F: (636) 536-6652 - Residential
        E-Mail: MaxMargulis@MargulisLaw.com

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

**CERTIFICATE OF SERVICE**

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney. I hereby certify that a copy of the foregoing was sent to the Defendants VACATION CONSULTING SERVICES, LLC and BRIAN JAY SCROGGS by the process server.

                /s/ Max G. Margulis