

## Your Missouri Courts

**.net**

Search for Cases by: [Select Search Method... ▼]

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess Logoff ALICIAMKERR

**16SL-CC04493 - MARK FITZHENRY V VACATION CONSULTING SERVICE ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    Display Options: [All Entries ▼]
○ Ascending

---

**02/14/2017** ☐ **Agent Served**
Document ID - 16-SMCC-9593; Served To - VACATION CONSULTING SERVICES LLC; Server - ; Served Date - 20-JAN-17; Served Time - 16:27:00; Service Type - Sheriff Department; Reason Description - Served

**02/08/2017** ☐ **Notice of Service**
service affidavit for Scroggs on 12017.
**Filed By:** MAX GEORGE MARGULIS
**On Behalf Of:** MARK FITZHENRY

☐ **Notice of Service**
service affidavit for vacation consulting on 12017.
**Filed By:** MAX GEORGE MARGULIS

**12/06/2016** ☐ **Summons Issued-Circuit**
Document ID: 16-SMCC-9594, for SCROGGS, BRIAN JAY.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 16-SMCC-9593, for VACATION CONSULTING SERVICES LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**12/05/2016** ☐ **Filing Info Sheet eFiling**
**Filed By:** MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**
**Filed By:** MAX GEORGE MARGULIS

☐ **Motion Filed**
Plaintiffs Memorandum of Law in Support of its Motion for Class Certification.
**Filed By:** MAX GEORGE MARGULIS
**On Behalf Of:** MARK FITZHENRY

☐ **Motion Filed**
Motion for Class Certification.
**Filed By:** MAX GEORGE MARGULIS

☐ **Motion Special Process Server**
Request for Appointment of Process Server for Vacation Consulting Services, LLC and Brian Jay Scroggs APPROVED 12/06/2016
**Filed By:** MAX GEORGE MARGULIS

☐ **Pet Filed in Circuit Ct**
Class Action Petition for Breach of Telephone Consumer Protection Act.

☐ **Judge Assigned**
DIVISION 18

---

Case.net Version 5.13.15.1                    Return to Top of Page                    Released 01/19/2017



**EXHIBIT**
**D**

**16SL-CC04493**

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly-situated, | ) ) ) |
| Plaintiff, | ) Case No. ) ) Division |
| v. | ) ) |
| VACATION CONSULTING SERVICES, LLC, | ) PROCESS SERVER ) |
| Serve: Brian Jay Scroggs, Reg. Agent 1408 N. Wicklow Nixa, MO 65714 Christian County | ) ) ) ) ) |
| BRIAN JAY SCROGGS, | ) PROCESS SERVER |
| Serve: 1408 N. Wicklow Nixa, MO 65714 Christian County | ) ) ) |
| and | ) ) |
| JOHN DOES 1-10, | ) ) |
| Defendants. | ) HOLD SERVICE ) |

## CLASS ACTION PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT

Plaintiff, MARK FITZHENRY (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to the allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against the Defendants, VACATION CONSULTING SERVICES, LLC, BRIAN JAY SCROGGS and JOHN DOES 1-10 (herein collectively "Defendants").

## PRELIMINARY STATEMENT

1. This case challenges Defendants' policy and practice of making unsolicited pre-recorded

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

telephone calls to residential telephone lines advertising its vacation services. This form of telemarketing invades the privacy rights of others and violates the law.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person within the United States from using or having an agent use an autodialer or pre-recorded voice to deliver a message to residential telephone numbers. The TCPA was enacted to protect privacy rights. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. The TCPA is designed to rein in the proliferation of telemarketing calls. Much of the detail was left to the FCC. Congress's delegation was both explicit and implicit. In § 227(c), Congress explicitly set forth the FCC's role by giving the FCC the power to "initiate rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

4. Based on substantial record support, the volume of consumer complaints we continue to receive concerning unwanted, telemarketing robocalls, and the statutory goal of harmonizing our rules with those of the FTC, we require prior express written consent for all telephone calls using an automatic telephone dialing system or a prerecorded voice to deliver a telemarketing message to wireless numbers and residential lines. FCC Report and Order, FCC 12-21, was published at 77 FR 34233, June 11, 2012, par. 20.

5. Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendants' violation. Said section provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

(A)      An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)      An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)      Both such actions.

If the Court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-paragraph (B) of this paragraph.

6.  Upon information and belief, Defendants developed a promotional scheme utilizing a pre-recorded message sent to telephone lines including residential telephone line subscribers like Plaintiff.   The purpose of this scheme was to advertise Defendants' timeshare services.   Upon information and belief, the calls were placed by automated telephone dialing equipment used to both place the calls and deliver the pre-recorded message.

7.  The calls utilizing a pre-recorded message were made for a commercial purpose.

8.  On information and belief, Defendants knew or should have known that its marketing scheme was delivering pre-recorded messages promoting its timeshare services, that Plaintiff had not provided his prior express written consent.

9.  On information and belief, Defendants knew or should have known that the calls were being placed to residential telephone line subscribers like Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction in that the Defendant VACATION CONSULTING

3

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

SERVICES, LLC has transacted business in Missouri and maintains its offices in Nixa, Missouri.

11. On information and belief, Defendant VACATION CONSULTING SERVICES, LLC is a Missouri corporation with its principal place of business at 636W. Republic Rd, Suite F100, Springfield, Missouri and listing 402 West Mount Vernon, Ste 208, Nixa, Missouri as the street address of the organizer Brian Jay Scroggs (actually a UPS store).

12. Plaintiff is a natural person who resides in South Carolina.

13. On information and belief, Defendant BRIAN JAY SCROGGS, is an individual who resides in Missouri.

14. On information and belief, Defendant BRIAN JAY SCROGGS is the President of Operations, Owner and organizer of VACATION CONSULTING SERVICES, LLC.

15. Defendant BRIAN JAY SCROGGS, upon information and belief, exercised direction and/or control over VACATION CONSULTING SERVICES, LLC, both generally and specifically with regard to the making of pre-recorded messages promoting Defendant's time share services.

16. Defendant, BRIAN JAY SCROGGS, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

17. On information and belief, BRIAN JAY SCROGGS knew of and participated in the solicitation calls made by VACATION CONSULTING SERVICES, LLC or by failure to act, allowed the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

18. On information and belief, Defendant, BRIAN JAY SCROGGS, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of

4

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

action arises out of such act(s).

19. On information and belief, Defendant, BRIAN JAY SCROGGS is the individual with ultimate authority for, and/or who is responsible for the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

20. On information and belief, Defendant, BRIAN JAY SCROGGS knew of and participated in the make of solicitation calls by VACATION CONSULTING SERVICES, LLC or by failure to act, allowed the making of solicitation calls by VACATION CONSULTING SERVICES, LLC.

21. Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

22. Venue is proper in this Court because Defendant VACATION CONSULTING SERVICES, LLC has its offices in the state of Missouri.

## CLASS CERTIFICATION

23. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons in the United States who were called, on or after June 12, 2013 to the present, on either (1) a residential telephone line or (2) a cellular telephone service, by or on behalf of Defendant using a pre-recorded voice to deliver a message promoting Defendant's time share services.

Excluded from the class are members of the judiciary, counsel for the Plaintiff, and the officers, directors, and employees of Defendant VACATION CONSULTING SERVICES, LLC.

24. A class action is proper in that:

    (a)    On information and belief the class is so numerous that joinder of all

5

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

members is impracticable.   Plaintiff will be able to ascertain the number of class members through discovery.

(b)   There are questions of fact or law common to the class that predominate over questions affecting only individual class members, those questions include but are not limited to:

(i)   Whether Defendants engaged in a pattern of sending pre-recorded voice messages to telephone numbers assigned to residential telephone service or cellular service;

(ii)   Whether the telephone calls by Defendants contained an artificial or pre-recorded voice message;

(iii)   Whether the telephone calls by Defendants were made for a commercial purpose;

(iv)   Whether the telephone calls by Defendants contained an unsolicited advertisement or a telephone solicitation.

(v)   Whether Defendants sent the pre-recorded voice messages without obtaining the recipients' prior written consent for the telephone call;

(vi)   Whether Defendants violated the provisions of 47 U.S.C. § 227; and

(vii)   Whether Plaintiff and the other class members are entitled to statutory damages.

(c)   Plaintiff's claims are typical of the claims of the other class members.

(d)   Plaintiff will fairly and adequately protect the interests of the other class

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

members.   Plaintiff's counsel are experienced in handling class actions and claims brought under the Telephone Consumer Protection Act and they will fairly and adequately represent the class.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

  (e)  The common questions predominate over individual questions.

  (f)  This class action is the superior method for adjudicating this controversy fairly and efficiently.   The interest of each individual class member in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**VIOLATION OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227**

25. On or about June 25, 2016, Defendant VACATION CONSULTING SERVICES, LLC, using an automatic telephone dialing system, called Plaintiff's residential telephone line 842-769-8219 and delivered a message containing a pre-recorded voice message.

26. Defendants knew or should have known that it delivered a prerecorded message to Plaintiff advertising the commercial availability of any property, goods, or services and that Defendants did not have the prior express written consent of Plaintiff to make such telephone contact:

  (a)  Defendants, and/or its employees and/or its agents designed the contents of the   prerecorded message and/or had the capability to control the contents of the prerecorded message;

  (b)  Defendants, and/or its employees and/or its agents determined the telephone numbers to which prerecorded messages were delivered.

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

27. On information and belief, Defendants have initiated the same or substantially similar telephone calls to at least 39 other recipients. Defendants did not seek or obtain the prior express written consent of the 39 other recipients.

28. Defendant's telephone solicitation to Plaintiff and other members of the class was for the purpose of advertising Defendant's time share services to Plaintiff and the other members of the class.

29. Defendant's actions violated the right to privacy afforded Plaintiff and the other members of the class by the Defendant's sending of the prerecorded message complained of herein.

30. Both Congress (in passing the TCPA) and the Federal Communications Commission (when interpreting the statute) have recognized the harms inherent in the receipt of automated calls, in particular the invasion of privacy and the intrusion upon seclusion.

31. Plaintiff and the other members of the class are entitled to recover the statutory liquidated damages that Congress has assigned and prescribed for the statutory privacy violations complained of herein.

32. Defendants' actions, as alleged herein, are in violation of 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service" and of 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service" and of 47 U.S.C. § 227(b)(1)(B) which makes it "unlawful to initiate any telephone call to any residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express written consent of the called party, unless the

Electronically Filed - St. Louis County - December 05, 2016 - 06:48 PM

call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission] ("FCC") under paragraph (2)(B)." The TCPA provides that the FCC may exempt from coverage (i) calls that are not made for commercial purposes and (ii) calls made for commercial purposes where the FCC determines that the call (I) will not adversely affect the privacy rights intended to be protected by the TCPA and (II) does not include the transmission of any unsolicited advertisement. 47 U.S.C. § 227(b)(2)(B). Calls made for a commercial purpose which include or introduce an unsolicited advertisement or constitute a telephone solicitation are expressly excluded from the exemptions adopted by the FCC. 47 CFR 64.1200(a)(2)(iii);

33. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

34. Defendants set up to deliver, without live operator assistance, a pre-recorded voice message to the residential telephone lines and cell phone lines of Plaintiff and the Class.

35. Plaintiff seeks the statutory liquidated damages of $500.00 for each TCPA violation on behalf of himself and the class.

WHEREFORE, Plaintiff, MARK FITZHENRY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, VACATION CONSULTING SERVICES, LLC, BRIAN JAY SCROGGS and JOHN DOES 1-10 as follows:

(A)     That the Court award $500.00 for each violation pursuant to Count I; and

(B)     That the Court treble the award to $1,500.00 for each violation if the Court finds the violations to be willful or knowing;

(C)     That the Court enter an injunction ordering Defendant to refrain from the conduct alleged herein; and

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

(D)    That the Court award costs and such further relief as the court may deem just and

proper.

Respectfully submitted,


/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
F:  (636) 536-6652 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com


## CERTIFICATE OF SERVICE

The undersigned verifies that the attorney named above signed the original of this
document, and the original is maintained at the office of the attorney.  I hereby certify that a copy
of the foregoing was sent to the Defendants VACATION CONSULTING SERVICES, LLC and
BRIAN JAY SCROGGS by the process server.

_____/s/ Max G. Margulis_____

**16SL-CC04493**

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

### In the
# CIRCUIT COURT
## Of St. Louis County, Missouri



MARK FITZHENRY
_____
Plaintiff/Petitioner

vs.

Vacation Consulting Services, LLC,
_____
Defendant/Respondent

Brian Jay Scroggs and John Does 1-10

December 5, 2016
_____
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff _____, pursuant

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Jeff Simpson & Richard L. Beggs, All City Services, LLC 334 East Kearney, Ste 110

| Name of Process Server | Address | Telephone |
|---|---|---|
| Springfield, MO 65803 | P: 877-750-1310 | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Vacation Consulting Services, LLC
 Brian Jay Scroggs, Reg. Agent
Name
 1408 N. Wicklow
Address
 Nixa, MO 65714
City/State/Zip  Christian County

SERVE: Individually
 Brian Jay Scroggs
Name
 1408 N. Wicklow
Address
 Nixa, MO 65714
City/State/Zip  Christian County

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
   Deputy Clerk

_____
Date

*Max G. Margulis*

Attorney/Plaintiff/Petitioner                    24325
**Max G. Margulis**

Bar No. 28 Old Belle Monte Rd.   Chesterfield, MO 63017

Address
(636) 536-7022 Residential         (636) 536-6652 Residential
Phone No.                            Fax No.
   MaxMargulis@Marguilislaw.com

CCADM62   Rev. 03/06         WHITE – File          YELLOW-Special Process Server      PINK - Attorney/Petitioner

**16SL-CC04493**

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

MARK FITZHENRY, individually and on  )
behalf of all others similarly-situated,  )
                                    )    Case No.
             Plaintiff,      )
                                      )    Division
           v.                    )
                                      )
VACATION CONSULTING SERVICES,  )
LLC, BRIAN JAY SCROGGS,  )
and JOHN DOES 1-10,  )
                                      )
      Defendants.           )

## MOTION FOR CLASS CERTIFICATION

        COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by and through its undersigned counsel, and for its Motion for Class Certification, states

        1.      This cause should be certified as a class because all of the necessary elements of Rule 52.08 are met.

        2.      Plaintiff requests that the Court certify a class, so the common claims of the Class members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

        3.      Plaintiff proposes the following Class definition:

              All persons in the United States who were called, on or after June 12, 2013 to the present, on either (1) a residential telephone line or (2) a cellular telephone service, by or on behalf of Defendant using a pre-recorded voice to deliver a message promoting Defendant's time share services.

        4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Here, there are at least hundreds of persons who fall within the Class definition. Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

        5.      There are questions of law or fact common to the Class members.

1

Electronically Filed - St. Louis County - December 05, 2016 - 06:48 PM

6.     The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.     Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.     Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.    Plaintiff requests additional time to file an Amended Class Certification Motion and Memorandum of Law after the Court sets up an appropriate discovery schedule.  Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from making prerecorded calls in violation of the TCPA to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file an Amended Class Certification Motion and Memorandum of Law; and for such other and further relief as the Court deems appropriate under the circumstances.

In the alternative if the Court determines that this class certification motion be dismissed without prejudice as being premature, the Plaintiff requests that the Court issue an order that

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

Defendant not be allowed to make an offer of judgment or a settlement offer until the Court sets a scheduling order and the Plaintiff is allowed time to conduct discovery and file a future class certification motion pursuant to the Court's scheduling order and that the future class certification motion will relate back to the filing of the original class certification motion.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney. I hereby certify that a copy of the foregoing was sent to the Defendants VACATION CONSULTING SERVICES, LLC and BRIAN JAY SCROGGS by the process server.

/s/ Max G. Margulis

**16SL-CC04493**

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

IN THE CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MARK FITZHENRY, individually and on
behalf of all others similarly-situated,

      Plaintiff,

  v.

VACATION CONSULTING SERVICES,
LLC, BRIAN JAY SCROGGS,
and JOHN DOES 1-10,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

Division

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION

  NOW COMES Plaintiff, pursuant to Rule 52.08 of the Missouri Supreme Court Rules,

and submits this Memorandum of Law in Support of its Motion for Class Certification.

### INTRODUCTION

  Recent developments in class action practice make necessary the filing of this motion

with the petition. Defendants in class litigation have resorted to making individual settlement

offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative

class representative and thereby derail the class action litigation. Most courts have rejected these

pick-off attempts and have held that the filing of a motion for class certification with the initial

petition or within a number of days after service of any settlement offer to a named plaintiff

staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of

the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp*

*United*, 84 F.3d 1525 (8th Cir. 1996); *March v. Medicredit*, 2013 WL 6265070 at *4 (E.D. Mo.

Dec. 4, 2013)("Putative class action plaintiffs would be wise to immediately file such motions to

1

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

protect the class from similar motions to dismiss based on offers of judgment"); *Geismann v. Be-Thin, Inc.*, No. 4:15CV00615 ERW (E.D. Mo. May 11, 2015); *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 No. 2:14CV04147 NKL (W.D. Mo. Jan. 9, 2015) (Order striking a defendant's Rule 68 offer of judgment to only the named plaintiff prior to class certification and denying the defendant's motion to dismiss the named plaintiff's claims as moot); *Prater v Medicredit*, 2014 WL 3973863, at *6-7 (E.D. Mo. Aug. 14, 2014) (citing *March*, 2013 WL 6265070, at *4); *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, 12-00539-CV-S-JTM, 2013 WL 5408460 at *6 n.4 (W.D. Mo. Sept. 26, 2013) (quoting *Damasco v. Clearwater Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)). *E.g. Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), replaced with *Chapman v. First Index, Inc.*, 2015 WL 4652878, ---F.3d--- (7th Cir. 2015); *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (U.S. 5th Crt Appeals 2015), *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n.12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at *4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003). The issue is presently pending before the United States Supreme Court, *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir.2014), cert. Granted, ---U.S.---, 135 S.Ct 2311, 191 L.Ed.2d 977 (2015).

Plaintiff has served discovery but no responses have been filed. Plaintiff has not been afforded the opportunity to develop a full factual record in this case. Plaintiff will supplement its motion and brief in support of class certification after class wide discovery has been completed

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

and as directed by a scheduling order entered by the court. Until then, Plaintiff cites to its Class Action Petition.

## ARGUMENT

### I.      Standards governing class certification.

The Missouri Supreme Court has noted that class actions are "designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding." *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo.banc 2004). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually.  [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985).  Moreover, "[b]ecause class certification can be modified as the case progresses, courts should err in favor of, and not against, certifying a class." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787-88 (Mo. App. 2006).

### II.     The weight of authority favors certification.

Courts in Missouri have certified TCPA cases.  *See Fun Services of Kansas City, Inc. v. Parrish Love d/b/a Asphalt Wizards* Case No. 0816CV00064 (Cir. Ct. Jackson Cty, Mo. May 24, 2010), Interlocutory Appeal #WD72566 was denied by Missouri Court of Appeals on June 23, 2010, writ was filed by Defendant in the Missouri Supreme Court #SC91037 and was denied on August 31, 2010; *Clean Carton Co., Inc., et al. v. Prime TV, LLC, et al.* Case No 01AC-11582 2004 TCPA Rep. 1294 (Mo. Cir. July 13, 2004).   Judge Nixon certified a TCPA class and appellate review was denied.  *Missouri Information Solutions, Inc. v. KC Subs, Inc.*, Case No. 0516-CV17319, 2008 WL 5631046 (Cir. Ct. Jackson, Cty, Mo. Dec. 16, 2008), *petition for interlocutory appeal denied*, (Jan. 22, 2009 Mo. Ct. of Appeals, Western Dist., Class Action Division).  See also *Karen S. Little, LLC v. Drury Inns, Inc.*, 2010 WL 98002 (Mo. App. E.D.

3

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

Jan. 12, 2010).

### III.    The proposed class.

Plaintiff proposes the following class definitions:

> All persons in the United States who were called, on or after June
> 12, 2013 to the present, on either (1) a residential telephone line or
> (2) a cellular telephone service, by or on behalf of Defendant using
> a pre-recorded voice to deliver a message promoting Defendant's
> time share services.

The Court should certify the Class, so this controversy can be resolved in a single action, rather than through separate individual actions.

### IV.    The Court should certify the TCPA claims for classwide resolution.

In order to maintain a class action, Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the representative party's claims are typical to those of the class, (4) that the representative party will fairly and adequately protect the interests of the class, and (5) only one of three 52.08(b) elements, which are risks of inconsistent adjudications; the appropriateness of final injunctive or declaratory relief with respect to the class as a whole; and predominance of common questions of fact or law. *See* Rule 52.08 of the Missouri Supreme Court Rules. Each of the elements is satisfied here.

#### A.    Numerosity.

Under Rule 52.08(a)(1), to bring a class action, the class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Plaintiff must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class members. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). *See* Class Action Petition, ¶¶ 11-21, 37.a and Exhibits A1a through B14. Rule 52.08(a)(1)'s numerosity requirement is satisfied because individual joinder of those persons

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

would be impracticable.

### B.    Commonality.

While relief to the various members of a class need not be uniform, the requisite commonality of law or fact must be present. *Grosser, Inc*, 647 S.W.2d 911. This does not mean that all class members must be identically situated. *Renstcher v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995). Further, factual differences are not fatal to maintenance of the class action if common questions of law or fact exist. Because a single issue common to all class members is all that is required, commonality is easily met in most cases. *Renstcher*, 160 F.R.D. at 116; *Crain v. Missouri State Employees Retirement System*, 613 S.W.2d 912 (Mo. App. 1981). *See* Class Action Petition, ¶¶ 37.b. i-x.

> a.    Whether Defendants violated the TCPA by making prerecorded calls without first obtaining written express invitation or permission to do so;
>
> b.    Whether Plaintiff and the other class members are entitled to statutory damages; and
>
> c.    Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether Plaintiff and the other class members are entitled to trebled damages.

### C.    Typicality.

In order to meet the typicality requirement, a class representative must "be part of the class and possess the same interest and suffer the same injury as the class members." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. 2000). The named plaintiff and the other members of the class need only share an interest in prevailing on similar legal claims. *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. App. 1986). Here, typicality is inherent in the class definition. Each of the class members was subjected to the same conduct. Each member's claim is based on the same legal theory as Plaintiff's.

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

### D.      Adequacy of representation.

Because a class action affects the rights of absent class members, Missouri Rule 52.08 (a)(4), like its federal counterpart, requires the trial court to determine whether the representative party will fairly and adequately represent the interests of the class. *Rule* 52.08(a)(4); *Kendrick*, 142 S.W.3d at 735. Adequacy of representation is a fact issue that must be determined under the circumstances of each case. *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 379 (Mo. App. 2005), citing *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 299 (Mo. App. 1978).

Here, Plaintiff and the other class members seek statutory damages under the TCPA. Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA. Further, Plaintiff's counsel are experienced TCPA class action lawyers and they are adequate counsel for the class. Plaintiff's counsel have been litigating TCPA claims for many years. They have prosecuted dozens of these cases to successful resolution. They have successfully litigated insurance coverage actions about TCPA claims as well. Plaintiff's counsel will continue to commit adequate resources (staffing and monetary) to ensure that the class is properly represented. *See* Class Action Petition, ¶ 38. Therefore, Rule 52.08 (a)(4)'s "adequacy" requirement is satisfied.

### E.      Rule 52.08(b) requirements.

To maintain a class action in Missouri, plaintiff must prove only one of the three 52.08(b) elements. These elements are identical to those in Federal Rule 23, and involve the risks of inconsistent adjudications ((b)(1)); the appropriateness of final injunctive or declaratory relief with respect to the class as a whole ((b)(2)); and predominance of common questions of fact or law ((b)(3)). Plaintiff seeks certification under (b)(1) and (b)(3). *See* Class Action Petition, ¶¶ 37-39.

Common fact issues predominate in this case because the class members' claims are

6

Electronically Filed - St Louis County - December 05, 2016 - 06:48 PM

focused on Defendant's prerecorded call marketing campaigns. Further, from the perspective of the court system and the class members, a class action is superior to individual actions because the maximum recovery for each class member is $1,500 and the TCPA does not allow for fee shifting. Certification of this case as a class action would further the purposes of Rule 52.08. *See* Class Action Petition, ¶¶ 37-39.

## **CONCLUSION**

All the class members were treated the same by the same course of conduct by Defendant. The mandatory elements of Rule 52.08" are met. *Missouri Information*, 2008 WL 5631046 at 15.

Here, the circumstances are nearly identical. The proposed class meets the requirements of Rules 52.08. Therefore, Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Respectfully submitted,

_____ /s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorney for Plaintiff*

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St. Louis County - December 05, 2016 - 06:48 PM

## CERTIFICATE OF SERVICE

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendants VACATION CONSULTING SERVICES, LLC and BRIAN JAY SCROGGS by the process server.

_____ /s/ Max G. Margulis



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 16SL-CC04493 |
|---|---|
| Plaintiff/Petitioner:<br>MARK FITZHENRY | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| vs. | |
| Defendant/Respondent:<br>VACATION CONSULTING SERVICES LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | VACATION CONSULTING SERVICES LLC<br>Alias: |

R/A: BRIAN JAY SCROGGS
1408 N. WICKLOW
NIXA, MO 65714

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>06-DEC-2016</u>
Date

*Joan M. Gilmer*
Clerk

Further Information:
SMB

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____ Date | _____ Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-9593**   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-9593**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division: ELLEN HANNIGAN RIBAUDO | Case Number: 16SL-CC04493 |
|---|---|
| Plaintiff/Petitioner: MARK FITZHENRY                                  vs. | Plaintiff's/Petitioner's Attorney/Address MAX GEORGE MARGULIS 28 OLD BELLE MONTE ROAD CHESTERFIELD, MO 63017 |
| Defendant/Respondent: VACATION CONSULTING SERVICES LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **BRIAN JAY SCROGGS**
           Alias:

**1408 N WICKLOW**
**NIXA, MO 65714**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>06-DEC-2016</u>
**Date**
                                    */Clerk*
**Further Information:**
**SMB**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                 Date                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-9594**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) <u>**Early Neutral Evaluation ("ENE"):**</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) <u>**Mini-Trial:**</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) <u>**Summary Jury Trial:**</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

<u>**Selecting an Alternative Dispute Resolution Procedure and a Neutral**</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-9594**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - February 08, 2017 - 03:00 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  16SL-CC04493 |
|---|---|
| Plaintiff/Petitioner:<br>MARK FITZHENRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>VACATION CONSULTING SERVICES LLC<br>Nature of Suit:<br>CC Injunction | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  VACATION CONSULTING SERVICES LLC<br>Alias: |
|---|

R/A: BRIAN JAY SCROGGS
1408 N. WICKLOW
NIXA, MO 65714

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>06-DEC-2016</u>
Date

Further Information:
SMB

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _JASON HEMINGWAY_ (name) _Authorized to Accept Service_ (title).

☐ other _____

Served at _636 Republic Rd. Building F. Spring Gld_ (address)

in _Greene_ (County/City of St. Louis), MO, on _1-20-17_ (date) at _4, 27 pm_ (time).

_Todd Simpson_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

J. BRANCH
NOTARY PUBLIC
SEAL
STATE OF MISSOURI
My Commission Expires
February 6, 2017
Moniteau County
Commission #13445829

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _February 3rd 2017_ (date).

My commission expires: _2/6/2017_
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $ _____  ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-9593**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

Electronically Filed - St Louis County - February 08, 2017 - 03:00 PM

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 16SL-CC04493 |
|---|---|
| Plaintiff/Petitioner:<br>MARK FITZHENRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>VACATION CONSULTING SERVICES LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Injunction | CLAYTON, MO 63105                    (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **BRIAN JAY SCROGGS**
Alias:

**1408 N WICKLOW**
**NIXA, MO 65714**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>06-DEC-2016</u>
**Date**                                                              Clerk

**Further Information:**
**SMB**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☒ other _Accepted by Jason Henningway_
Served at _630 Republic RA Building F Springfield mo_ (address)
in _Greene_ (County/City of St. Louis), MO, on _1-20-17_ (date) at _4:20 pm_ (time).
_Jeff Simpson_
Printed Name of Sheriff or Server                         Signature of Sheriff or Server
J. BRANCH

| My Commission Expires<br>February 6, 2017 (Seal)<br>Moniteau County<br>Commission #13445829 | **Must be sworn before a notary public if not served by an authorized officer.**<br>Subscribed and sworn to before me on _February 3rd 2017_ (date).<br>My commission expires: _2/6/2017_<br>_____ Date    Notary Public |

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $      10.00
Mileage                               $_____ (_____ miles @ $._____ per mile)
**Total**                                $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.