UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| VACATION CONSULTING SERVICES, LLC, BRIAN JAY SCROGGS and JOHN DOES 1-10, | ) ) ) |
| Defendants, | ) ) No. 4:17CV774 RLW |
| v. | ) ) ) |
| SIGNATURE GETAWAYS, LLC, JJ&C MARKETING, LLC, ROGELIO MENDOZA, JR., d/b/a MENDOZA MARKETING and MENDOZA MARKETING, LLC, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Third-Party Plaintiffs Vacation Consulting Services, LLC and Brian Jay Scroggs' Motion to Strike Third-Party Defendants Rogelio Mendoza, Jr., d/b/a Mendoza Marketing and Mendoza Marketing, LLC's Affirmative Defenses. (ECF No. 53) Third-Party Defendants Rogelio Mendoza, Jr., d/b/a Mendoza Marketing and Mendoza Marketing, LLC (collectively "Mendoza Marketing") have filed a response in opposition, and Third-Party Plaintiffs Vacation Consulting Services, LLC and Brian Jay Scroggs (collectively "Third-Party Plaintiffs") have filed a reply brief. Upon review of the motion and related memoranda, the Court will grant in part, and deny in part, Third-Party Plaintiffs' motion.

## I. Background

On December 5, 2016, Plaintiff Mark Fitzhenry filed a putative class action suit in state court alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Defendants Vacation Consulting Services, LLC ("VCS"), Brian Jay Scroggs ("Scroggs"), and John Does 1-10. (Petition [hereinafter "Compl."], ECF No. 6) Plaintiff alleges that VCS and Scroggs violated the TCPA during a May 25, 2016 automated telephone call. (*Id.* at ¶ 25; *see also* Pl.'s Mot. to Am. by Interlination ¶3, ECF No. 21) Plaintiff also seeks class certification for persons called on or after June 12, 2013 on residential or cellular telephone lines by or on behalf of Defendants VCS and/or Scroggs in violation of the TCPA. (Compl. ¶ 23) Defendant VCS removed the case to federal court on February 21, 2017. (ECF No. 1)

VCS and Scroggs filed a Third-Party Complaint and an Amended Third-Party Complaint against several Third-Party Defendants, including Mendoza Marketing. (ECF Nos. 16, 33) In the First Amended Complaint and specific to Mendoza Marketing, Third-Party Plaintiffs allege that VCS entered into an oral contract with Mendoza Marketing provide marketing services. (First Am. Compl. ["FAC"] ¶¶ 28-38, ECF No. 33) Third-Party Plaintiffs further allege that any telephone calls made to Plaintiff Fitzhenry or other members of the purported class were made by Third-Party Defendants or agents acting on their behalf without the knowledge or control of Third-Party Plaintiffs. (FAC ¶¶ 40-45) Third-Party Plaintiffs raise claims of breach of contract; implied contractual and equitable indemnity; and contribution. Mendoza Marketing filed an Answer on July 28, 2017. (ECF No. 46) On August 18, 2017, Mendoza Marketing filed a motion to strike Mendoza Marketing's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement. (ECF No. 53) Mendoza Marketing filed a response in opposition on September 12, 2017. (ECF No. 58) At the

2

direction of the Court, Third-Party Plaintiffs filed a reply brief on January 4, 2018. (ECF No. 78)

## II. Legal Standard

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Simms v. Chase Student Loan Servicing, LLC,* No. 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009) (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" *Airstructures Worldwide, Ltd. v. Air Structures Am. Techs., Inc.,* No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000)). "Despite this broad discretion however, . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm,* 221 F.3d at 1063 (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)).

"District courts have harshly criticized motions to strike, stating, '[i]ndeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment .'" *Speraneo v. Zeus Tech., Inc.,* No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting *Morgan v. Midwest Neurosurgeons, LLC,* No. 1:11-CV-37 (CEJ), 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011) (citation omitted)). When ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader and grants such motion

3

only where, "as a matter of law, the defense cannot succeed under any circumstances . . . or is immaterial in that it has no essential or important relationship to the claim for relief." *Fed. Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (citations and internal quotations omitted). "A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Morgan*, 2011 WL 2728334, at *2 (citation omitted). "'The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome.'" *Id.* (quoting *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, No. 4:08-CV-243 (JCH), 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)).

### III. Discussion

In its Motion to Strike Affirmative Defenses, Third-Party Plaintiffs argue that affirmative defenses 1 through 7 are merely conclusory allegations that fail to give Third-Party Plaintiffs fair notice of the nature of the defense. Thus, Third-Party Plaintiffs' assert that these defenses should be stricken. Alternatively, Third-Party Plaintiffs request that the Court order Mendoza Marketing to provide a more definite statement of each affirmative defense. Mendoza Marketing responds that they have adequately pled their affirmative defenses.

With respect to affirmative defense 1 alleging that the Court lacks subject matter jurisdiction, the Court finds that Mendoza Marketing has adequately pled this defense. "The Eighth Circuit Court of Appeals has made it clear that affirmative defenses 'need not be articulated with any rigorous degree of specificity' and are 'sufficiently raised for purposes of Rule 8 by its *bare assertion*.'" *State of Missouri v. Charter Commc'ns, Inc.*, No. 4:15-CV-1593 RLW, 2016 WL 1625461, at *6 (E.D. Mo. Apr. 21, 2016) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)).

4

Affirmative defense 2 alleges that the Third-Party Plaintiffs' Complaint fails to state a claim upon which relief may be granted. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiffs' prima facie case." *Lakeside Roofing Co. v. Nixon*, No. 4:10CV01761 JCH, 2011 WL 2600421, at *1 (E.D. Mo. June 29, 2011) (internal quotations and citation omitted). Thus, the Court finds that Mendoza Marketing's first affirmative defense is not properly asserted and is stricken as legally insufficient. *Id.* Mendoza Marketing may raise this claim in a motion to dismiss or a motion for summary judgment.

Affirmative defenses 3 and 6 allege, respectively, that Third-Party Plaintiffs are unable to prove damages, and their claims are barred by intervening causation not attributable to Mendoza Marketing. Third-Party Plaintiffs contend that these affirmative defenses are legally insufficient. The Court finds that affirmative defenses 3 and 6 regarding damages and causation should not be stricken but, instead, the Court will order Mendoza Marketing to file an amended answer to plead these affirmative defenses with more particularity.

The Court notes that Third-Party Plaintiffs do not specifically address affirmative defense 4, and therefore, the Court will not strike this defense.

With respect to affirmative defense 5, unclean hands, Third-Party Plaintiffs argue that this should be stricken because Mendoza Marketing fails to sufficient plead the defense in compliance with the heightened pleading requirement of Rule 9(b). The Court agrees that the affirmative defense of unclean hands is governed by Rule 9(b). *Cynergy Ergonomics*, 2008 WL 2817106, at *5. "In order to satisfy this requirement, a plaintiff must 'plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Id.* (quoting *U.S. ex rel Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). Mendoza Marketing has not alleged any facts identifying the "who, what,

5

where, when, and how" of the alleged fraud. *Id.* (internal quotations omitted). However, because some discovery has now taken place, the Court will not strike the affirmative defense but will order Mendoza Marketing to amend affirmative defense 5.

As for affirmative defense 7, Mendoza Marketing reserves the right to amend their answer. The Court finds this defense insufficient. Should Mendoza Marketing discover additional affirmative defenses after filing their amended answer as ordered herein, they must request leave to amend the answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *Lakeside Roofing Co.*, 2011 WL 2600421, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Plaintiffs Vacation Consulting Services, LLC and Brian Jay Scroggs' Motion to Strike Third-Party Defendants Rogelio Mendoza, Jr., d/b/a Mendoza Marketing and Mendoza Marketing, LLC's Affirmative Defenses (ECF No. 53) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that affirmative defenses 2 and 7 are **STRICKEN.**

**IT IS FURTHER ORDERED** that Third-Party Plaintiffs Vacation Consulting Services, LLC and Brian Jay Scroggs' alternative Motion for a More Definite Statement is **GRANTED.** Mendoza Marketing shall file an amended answer amending affirmative defenses 3, 5, and 6 consistent with this Memorandum and Order no later than **February 16, 2018**.

Dated this 8th day of February, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**